**MATALON ♦ SHWEKY ♦ ELMAN PLLC**
450 Seventh Avenue, 33rd Floor
New York, New York 10123
(212) 244-9000
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOR 725 8TH AVENUE LLC, | Case No. _____ (   ) (   ) |
| Plaintiff, | |
| -v- | COMPLAINT |
| SHANTHIOA GOONETILLEKE a/k/a MARTIN GOONETILLEKE, MARIE GOONETILLEKE, JENNIFER GOONETILLEKE, and BROOKE GOONETILLEKE, | |
| Defendants. | |

Plaintiff Thor 725 8th Avenue LLC ("Thor"), through its attorneys Matalon ♦ Shweky ♦ Elman PLLC, complaining of defendants Shanthioa Goonetilleke a/k/a Martin Goonetilleke and Marie Goonetilleke (collectively, the "Debtors") and Jennifer Gonnetilleke and Brooke Goonetilleke (collectively, the "Daughters," and together with Debtors, the "Defendants"), alleges:

### INTRODUCTION

1.    This action is brought by Thor to set aside fraudulent conveyances under the New Jersey Fraudulent Conveyance Act (N.J.S.A. 25:2-3) and the Uniform Fraudulent Transfer Act (N.J.S.A. 25:2-20, et seq.).  Debtors transferred the real property located at 278 McCloud Drive,

Fort Lee, New Jersey 07024 (the "McCloud Property"), to their daughters on December 21, 2015. The transfer was made in an effort to thwart Thor's efforts to collect on a judgment – entered before the transfer – that exceeded $2.5 million.

2. Thor brought an action in the Southern District of New York against the Debtors, who were guarantors of a tenant's obligations under a commercial real estate lease (the "Guaranty Litigation"). The case caption is Thor 725 8th Avenue LLC v. Shanthioa Goonetilleke a/k/a Martin Goonetilleke and Marie Goonetilleke, 14-cv-4968 (S.D.N.Y.) (PAE).

3. On October 2, 2015, the court granted summary judgment in the Guaranty Litigation in Thor's favor and against Debtors, ordering that the Debtors were liable to Thor for $2,067,288.99.

4. Then, after determining Thor was entitled to its attorneys' fees and interest, on December 18, 2015, a money judgment in the amount of $2,505,325.73, was entered in the Guaranty Litigation.

5. Finally, on December 21, 2015 – after Thor was awarded summary judgment, and after the money judgment was entered – Debtors transferred the McCloud Property to the Daughters.

6. The conveyances by Debtors to Daughters are fraudulent under New Jersey law. Accordingly, pursuant to N.J.S.A. 25:2-29, they should be set aside or disregarded, and the court should levy execution on the asset transferred or its proceeds. Additionally, an order of attachment should be entered against the Defendants as well as an injunction against further disposition by the Debtors.

## PARTIES

7. Plaintiff Thor is a limited liability company, all members of which are citizens of

New York.

8. Upon information and belief, defendant Martin Goonetilleke is a citizen of New Jersey, residing at 278 McCloud Drive, Fort Lee, New Jersey 07024.

9. Upon information and belief, defendant Marie Goonetilleke is a citizen of New Jersey, residing at 278 McCloud Drive, Fort Lee, New Jersey 07024.

10. Upon information and belief, defendant Jennifer Goonetilleke is a citizen of New Jersey, residing at 278 McCloud Drive, Fort Lee, New Jersey 07024.  Jennifer Goonetilleke is the daughter of the Debtors and is an "insider" of the Debtors per N.J.S.A. 25:2-22.

11. Upon information and belief, defendant Brooke Goonetilleke is a citizen of New Jersey, residing at 278 McCloud Drive, Fort Lee, New Jersey 07024.  Brooke Goonetilleke is the daughter of the Debtors and is an "insider" of the Debtors per N.J.S.A. 25:2-22.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  There is complete diversity among the adverse parties, and the amount in controversy, without interest and costs, exceeds $75,000.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the District of New Jersey, and the property that is the subject of the action is situated in the District of New Jersey.

## FACTS

**The Prior Lawsuit**

14. DVD Depot Inc. ("Tenant") entered into a Triple Net Lease with 725 8th Avenue Realty, LLC dated January 14, 2004 ("Lease") for the building located at 725 8th Avenue, New York, New York ("Premises").

15. In consideration of, and inducement for, the execution of the Lease, the Debtors executed a guaranty, dated December 22, 2003 ("Guaranty"), in which Guarantors unconditionally guaranteed the full and prompt payment of all amounts payable by Tenant and the full and timely performance and observance of all the covenants, terms, conditions and agreements to be performed and observed by Tenant under the Lease.

16. Thor purchased the Premises in 2013. Accordingly, Thor became Tenant's landlord and the Guaranty remained in full force and effect for the benefit of Thor.

17. Tenant was in breach of the Lease for failing to make certain payments, and Debtors likewise failed to pay the amount owed under the Guaranty.

18. Thor commenced the Guaranty Litigation on July 2, 2014.

19. On October 2, 2015, the court granted summary judgment in Thor's favor and against Debtors, ordering that the Debtors are liable to Thor for $2,067,288.99.

20. On December 15, 2015, the court awarded Thor attorneys' fees and prejudgment interest.

21. On December 18, 2015, a money judgment in the amount of $2,505,325.73 was entered against the Debtors.

22. The money judgment remains unpaid.

23. The judgment was affirmed by the United States Court Of Appeals For The Second Circuit on January 11, 2017.

**The Fraudulent Conveyance**

24. On December 21, 2015, the Debtors transferred the McCloud Property to their Daughters. The deed was recorded on December 31, 2015.

25. According to the deed, "the transfer [was] made for the sum of $440,000[.]"

4

26. However, as part of the purported sale, the closing documents stated the Debtors also gave the Daughters a "Gift of Equity" in the McCloud Property of $185,000.

27. Upon information and belief, Debtors ultimately received less than $5,000 from the purported sale of the McCloud Property.

28. Upon information and belief, both prior to and after the transfer, the Debtors' debts were greater than all of their assets, at a fair evaluation.

## COUNT I
### (N.J.S.A. 25:2-25 - Transfers Fraudulent As To Present And Future Creditors)

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if set forth in full here.

30. Thor is a creditor of Debtors.

31. The transfer is fraudulent as to Thor because the Debtors transferred the McCloud Property with "actual intent to hinder, delay, or defraud" Thor. The factors to determine whether a transfer was made with "actual intent" within the meaning of N.J.S.A. 25:2-25 are set forth in N.J.S.A. 25:2-26, and include that:

   a. the transfer was to an insider;

   b. the debtor retained possession of or control of the property transferred after the transfer;

   c. before the transfer was made, the debtor had been sued;

   d. the transfer was of substantially all the debtor's assets;

   e. the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; or

   f. the transfer occurred shortly before or shortly after a substantial debt was

incurred.

32. Debtors acted with actual intent because the transfer of the McCloud Property was to an insider (within the meaning of N.J.S.A. 25:2-22), i.e., the Daughters; before the transfer was made, the Debtors had been sued and incurred a substantial debt; and upon information and belief, the Debtors retained possession or control of the McCloud Property after the transfer, the transfer of the McCloud Property constituted substantially all of Debtors' assets, and the Debtors were insolvent or became insolvent shortly after the transfer was made.

33. The transfer is also fraudulent as to Thor because the Debtors transferred the McCloud Property, upon information and belief, without receiving a reasonably equivalent value in exchange for the transfer, and the Debtors incurred a debt before transferring the McCloud Property that was beyond Debtors' ability to pay as it became due.

WHEREFORE, Plaintiff seeks judgment against the Defendants voiding and setting aside the transfer of the McCloud Property, levy execution on the asset transferred or its proceeds, plus an award of interest, costs, attorneys' fees and such other relief as the Court deems appropriate.

## COUNT II
### (N.J.S.A. 25:2-27 – Transfers Fraudulent As To Present Creditors)

34. Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 as if set forth in full here.

35. Thor is a creditor of Debtors, whose claim arose before the transfer of the McCloud Property was made.

36. Debtors did not receive reasonably equivalent value in exchange for the transfer of the McCloud Property.

37. Upon information and belief, the Debtors were insolvent (within the meaning of N.J.S.A. 25:2-23) or became insolvent shortly after the transfer was made as a result of the transfer, because the sum of their debts was greater than all of their assets at a fair valuation.

WHEREFORE, Plaintiff seeks judgment against the Defendants voiding and setting aside the transfer of the McCloud Property, levy execution on the asset transferred or its proceeds, plus an award of interest, costs, attorneys' fees and such other relief as the Court deems appropriate.

### COUNT III
### (N.J.S.A. 25:2-3 – New Jersey's Fraudulent Conveyance Statute)

38. Plaintiff repeats and realleges the allegations of paragraphs 1 through 37 as if set forth in full here.

39. Debtors conveyed the McCloud Property with the intent to hinder, delay or defraud creditors, including Thor, of their lawful actions to recover on the money judgment obtained against Debtors.

WHEREFORE, Plaintiff seeks judgment against the Defendants voiding and setting aside the transfer of the McCloud Property, levy execution on the asset transferred or its proceeds, plus an award of interest, costs, attorneys' fees and such other relief as the Court deems appropriate.

Dated: New York, New York
January 17, 2017

MATALON ♦ SHWEKY ♦ ELMAN PLLC

By: __*s/ Joseph Lee Matalon*_____
Joseph Lee Matalon
450 Seventh Avenue, 33rd Floor
New York, NY 10123
(212) 244-9000
*Attorneys for Plaintiff*