16-139(L)-cv
Thor 725 8th Avenue LLC v. Goonetilleke.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand seventeen.

PRESENT: RALPH K. WINTER,
DENNIS JACOBS,
ROSEMARY S. POOLER,
 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
THOR 725 8TH AVENUE LLC,
 Plaintiff-Counter-Defendant-
 Third-Party-Defendant-
 Appellee-Cross-Appellant,

 -v.-                                          16-139(L)-cv
                                               16-212(XAP)

SHANTHIOA GOONETILLEKE, AKA MARTIN
GOONETILLEKE, MARIE GOONETILLEKE.
 Defendants-Counter-
 Claimants-Appellants-Cross-
 Appellees,

 and

DVD DEPOT INC.,
 Third-Party Plaintiff.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**    THOMAS HOFFMAN, Law Offices of Thomas Hoffman, PC, New York, NY.

**FOR APPELLEES:**    JOSEPH LEE MATALON, Matalon Shweky Elman PLLC, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Engelmayer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Shanthioa and Marie Goonetilleke appeal from the judgment of the United States District Court for the Southern District of New York (Engelmayer, J.), enforcing on summary judgment claims against them as guarantors of a commercial lease entered into by Thor 725 8th Avenue LLC ("Thor") and DVD Depot ("DVD"), a company owned by Shanthioa. We review de novo a district court's grant of summary judgment. Demery v. Extenbank Deferred Compensation Plan (B), 216 F.3d 283, 286 (2d Cir. 2000). The parties cross-appeal the award of attorneys' fees to Thor, in an amount less than Thor requested. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This case involves several agreements and undertakings:

- Under the "Lease," DVD (the tenant) promised to pay rent and property taxes to DVD's prior landlord. Upon default, the landlord could terminate the Lease after five days' notice.

- Simultaneously with the Lease, the Goonetillekes jointly and severally guaranteed DVD's full and prompt payment (the "Guaranty"). Another clause limited the Guaranty if DVD provided sufficient notice of an intent to vacate and if DVD in fact timely vacated.

- Following DVD's default, the ensuing state court litigation was settled by: a "Stipulation" that DVD and the Goonetillekes would continue to be

      responsible for rent and that DVD would retain occupancy; and an "Addendum" that reduced the rent and eliminated DVD's responsibility to pay property taxes on condition, however, that if DVD defaulted, the higher rent and taxes of the original Lease would be reinstated.

- After Thor bought the premises in September 2013, it agreed in writing with DVD and the Goonetillekes that the Lease, the Stipulation, and the Addendum constituted the parties' entire agreement, that the Guaranty remained in effect, and that the Goonetillekes could escape personal liability as guarantors on conditions discussed below.

    DVD missed its rent payment in November 2013 and made only partial payments over the following months. Thor served default notices on DVD in January and early April 2014, and on April 24, gave written notice of termination, effective May 7, 2014. By letter on May 8, DVD purported to exercise its right under the Occupancy Agreement to give notice that it would vacate within sixty days, setting July 7, 2014 as the date of vacatur. DVD concedes that it did not vacate until July 14. By then, DVD owed slightly more than $400,000 in back rent.

    Thor brought this action on July 2, 2014, seeking more than $2 million from the Goonetillekes as guarantors: approximately $400,000 in rent arrears plus the difference between DVD's original rental rate and the reduced rent granted to DVD by the Addendum (approximately $750,000) and nearly $900,000 in tax payments for which DVD was responsible under the original Lease, but for which the landlord had conditionally taken responsibility pursuant to the Addendum. The district court granted summary judgment for Thor, awarding all of the requested sums.

    1. The Goonetillekes invoke the provision of the Amendment that absolves them if DVD "actually, voluntarily, and timely vacate[s] the Premises, without execution of a warrant or use of self-help, and otherwise in accordance with the Occupancy Agreement." App'x, at 236.

    However, as the district court concluded, DVD did not timely vacate the premises. So Thor may seek recovery

against the Goonetillekes.[1] The Occupancy Agreement contemplates specific deadlines by which the premises must be vacated. When a landlord-tenant agreement requires "timely" vacatur and also sets a deadline by which the tenant must leave the premises, New York law takes the position that vacatur is "timely" only if the tenant leaves the premises prior to the contractual deadline. See, e.g., Corona Grill Corp. v. 1029 Sixth, LLC, 11 A.D.3d 282, 283 (1st Dep't 2004); Fed. Realty Ltd. P'ship v. Choices Women's Med. Ctr., 289 A.D.2d 439, 440 (2d Dep't 2001). Although the parties dispute whether the deadline was May 7 or July 7, DVD failed to meet either deadline.

2. The Goonetillekes argue that any breach was of the "inconsequential" kind that equity should forgive to avoid an inequitable forfeiture. Appellant's Opening Br., at 33. However, it is difficult to see the relief granted as an extreme "penalty." Thor sought and received rent arrears at the original rent rate for the actual period of occupancy (without acceleration), and the property tax payments that were conditionally forgone.

DVD's breach was not trivial or inconsequential. "A covenant to pay rent at a specified time . . . is an essential part of the bargain." Fifty States Mgt. Corp. v. Pioneer Auto Parks, 46 N.Y.2d 573, 578 (N.Y. 1979). There is no inequity in holding DVD to "the contracted-for financial consequence of the tenant['s] own failure to do that which [it] promised to do." 1029 Sixth, LLC v. Riniv Corp., 9 A.D.3d 142, 150 (1st Dep't 2004).

Nor is it inequitable to require the Goonetillekes to pay the debts of their company. The Goonetillekes originally promised to do so, and they could have escaped liability if they met certain requirements--such as timely vacatur--which they failed to satisfy.

3. The parties dispute various aspects of the attorneys' fee award. "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the

---

[1] Given this conclusion, we need not reach the district court's findings that the Goonetillekes failed to satisfy additional contractual requirements.

4

desirability of avoiding frequent appellate review of what essentially are factual matters.'" Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

a. The Goonetillekes argue that the district court should have declined to award any fees. In New York, attorneys' fees should be awarded only when the parties' agreement manifests an "unmistakably clear" intention to allow for fee-shifting. Hooper Assocs., Ltd. v. AGS Computers, 74 N.Y.2d 487, 492 (N.Y. 1989). Here, the parties' intention to provide for fee-shifting is unmistakably clear. The Lease states that "[DVD] shall . . . pay all costs, expenses and attorneys' fees which may be incurred or paid by Landlord in enforcing the covenants and agreements of this Lease." App'x, at 207. DVD's liability in turn falls upon the Goonetillekes, who promised to make "full and prompt payment of all amounts payable by [DVD]." App'x, at 217.

b. The parties dispute the amount of attorneys' fees awarded.

First, Thor's cross-appeal challenges the cut in its hourly rate. Thor argues chiefly that the district court improperly relied on law firm size. As Thor concedes, a district court "may *consider* the size of a firm" in awarding fees. Appellee's Reply Br., at 3; see Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989) (suggesting that the fee award properly relied on firm size). But Thor argues that the district court improperly used "the single factor of firm size [to] dictate the compensable rate." Appellee's Reply Br., at 3. However, the district court considered many additional factors, including the experience of the assigned attorneys and paralegals, the amount of discovery, and the lawsuit's complexity. Regarding the last factor, the court found that the case "did not implicate exceptionally challenging questions of law or fact," and that "this case is not one in which higher than ordinary rates are warranted." App'x, at 662-63. We find no abuse of discretion in the billing rate reduction.

Thor also argues that the district court should have granted "fees on fees," that is, fees for the preparation of the motion requesting fees. The district court relied on the principle that, under New York law, "a general contract

5

provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1266 (2d Cir. 1987). An award of "fees on fees" requires "specific language to indicate that time spent in justifying a fee application was to be included." Id. at 1267.

Thor does not identify such "specific language" allowing "fees on fees." Instead, Thor argues that F.H. Krear was wrongly decided and we should decline to follow it. Panels of this Court are "ordinarily bound by prior panel decisions." Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 171 (2d Cir. 2001). Although Thor contends that the "modern trend" of lower- and intermediate-level New York state courts is to allow "fees on fees," Appellee's Opening Br., at 62, the only cases cited to illustrate such a trend are cases dealing with fee-shifting authorized by statute, rather than by contract. Therefore, there is no basis for disturbing F.H. Krear. The district court correctly denied Thor's request for "fees on fees."

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

